UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEPLAY MUSIC L.L.C.          )
                               )
        Plaintiff,             )
                               )    **ANSWER TO THE**
    v.                         )    **AMENDED COMPLAINT**
                               )
ACCESS MEDIA INTERNATIONAL, THE)
WISDOM CENTER, MIKE MURDOCK,   )
PEOPLE UNITED FOR CHRIST, INC.,)    Case No. 08cv 8159 (CM)
PETER POPOFF, DON STEWART      )
ASSOCIATION, DON STEWART, PAUL )    [ECF Case]
LEWIS MINISTRIES, and PAUL LEWIS)
                               )
        Defendants.            )

---

AMI Access Media International LLC ("Access Media"), by its undersigned attorneys Ladas & Parry LLP, as and for its Answer to the Amended Complaint, alleges as follows in paragraphs 1-42 correspondingly numbered to those in the Amended Complaint:

1. Denies the allegations in paragraph 1 except admits that the sole cause of action in the Amended Complaint is designated as federal copyright infringement.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required.

3. The allegations in Paragraph 3 contain legal conclusions to which no response is required.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Admits the allegations in paragraph 6.

7. Admits that Peter Popoff resides in California. The allegations concerning a "controlling force" are too vague and indefinite to enable Access Media to formulate an answer. Access Media denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. Denies the allegations in paragraph 8.

9. Admits that Don Stewart resides in Arizona. The allegations concerning a "controlling force" are too vague and indefinite to enable Access Media to formulate an answer thereto. Access Media denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Admits the allegations in paragraph 10.

11. Admits that Mike Murdock resides in Texas. The allegations concerning a "controlling force" are too vague and indefinite to enable Access Media to formulate an answer thereto. Access Media denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies the allegations in paragraph 14 except admits that AMI Access Media International LLC is a Texas limited liability company, with its principal place of business at 2909 San Jancinto Street, Dallas, Texas 75204.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Admits Peter Popoff is a televangelist and performs crusade services on television. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Admits that People United for Christ has television programming for "Miracle Manna Loaf". Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. Admits Don Stewart is a televangelist and that he has television programming including programming for a "Green Prosperity Prayer Cloth." Denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27. Admits Mike Murdock is a televangelist who has a television program "Wisdom Keys with Mike Murdock". Admits Wisdom Center has television programming involving various products. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Admits Paul Lewis has television programming involving various products. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is required. Denies the allegations of paragraph 36 except admits producing programming for each of Wisdom Center, People United for Christ, and Don Stewart Association.

37. Paragraph 37 contains legal conclusions to which no response is required. The allegations concerning "Defendant Ministries" are too vague and indefinite to enable Access Media to formulate an answer. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Denies the allegations of Paragraph 38.

39. Denies the allegations of Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40.

41. Access Media's responses to the allegations in Paragraphs 1 through 40 of the Amended Complaint are incorporated herein as if set forth in full.

42. Paragraph 42 contains legal conclusions to which no response is required. Denies the remaining allegations in Paragraph 42.

## FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred because Access Media's conduct is authorized pursuant to an express and//or implied license.

## SECOND AFFIRMATIVE DEFENSE

44. Access Media was not aware, and had no reason to believe, that its acts constituted an infringement of copyright.

## THIRD AFFIRMATIVE DEFENSE

45. Plaintiff's damages, if any, should be mitigated in whole or in part by the doctrine of innocent infringement and/or innocent intent.

## FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff lacks standing to assert the claims in the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

47. Any use by Access Media of Plaintiff's works is a fair use and therefore non-actionable.

## SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's alleged copyright registrations are invalid or unenforceable due to the failure to comply with one or more of the requirements of Title 17 of the United States Code.

## SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claim is barred to the extent Plaintiff does not hold valid copyright registrations.

## EIGHTH AFFIRMATIVE DEFENSE

50. Access Media has not infringed any valid copyright rights of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

51. Access Media did not copy or unlawfully appropriate any part of the allegedly copyrighted works.

## TENTH AFFIRMATIVE DEFENSE

52. Any use by Access Media of protectable material, which such use is explicitly denied, is *de minimis* and therefore non-actionable.

## ELEVENTH AFFIRMATIVE DEFENSE

53. Access Media has not reaped any profits attributable to any alleged infringements.

## TWELFTH AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred by the equitable doctrines of acquiescence, waiver, estoppel and laches.

WHEREFORE, Access Media respectfully requests that this Court:

(1)     Enter judgment in favor of Access Media on the Amended Complaint, dismissing the Amended Complaint with prejudice;

(2)     Award Access Media prevailing party attorney's fees under 17 U.S.C. §505;

(3)     Award Access Media its costs and disbursements in this action; and

(4)     Award Access Media such other and further relief as this Court may deem just and proper in the circumstances.

New York, New York
August 21, 2009

By: LADAS & PARRY LLP

Michael A. Cornman, Esq. (MC 7134)
Jay A. Bondell, Esq. (JB 8521)
Elliot W. Lipins, Esq. (EL 6151)
26 West 61st Street
New York, NY 10023
Tel: 212-708-1800
Fax: 212-246-8959

TO:     Christopher Serbagi, Esq.
        Attorney for Plaintiff
        488 Madison Avenue, Suite 1120
        New York, NY 10022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Answer to the Amended Complaint has been sent by first class mail, postage prepaid on August 21, 2009 to the following counsel of record:

Christopher Serbagi, Esq.
Attorney for Plaintiff
488 Madison Avenue, Suite 1120
New York, NY 10022

Christopher A. Colvin, Esq.
Attorney for Co-Defendants The Wisdom Center, Mike Murdock, People United for Christ, Inc., Peter Popoff, Don Stewart Association, Don Stewart
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

By: _____
Elliot Lipins